IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARISOL MOLINA DIAZ, HER HUSBAND YAMIR RIVERA QUILES AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM<br>PLAINTIFFS<br><br>VS<br><br>CLOROX COMMERCIAL CO.<br>DEFENDANT | CIVIL NO.: 12-1115<br><br>JURY TRIAL REQUESTED |

COMPLAINT

TO THE HONORABLE COURT:

**COME NOW** the plaintiffs by and through the undersigned attorney, and very respectfully state, allege, and pray as follows:

**I.   NATURE OF THE ACTION**

1. This is an action brought by plaintiffs, Marisol Molina Díaz, (from hereinafter "plaintiff" or "Molina"), her husband Yamir Rivera Quiles, and their Conjugal Partnership (collectively referred to as "plaintiffs") against Molina's employer, Clorox Commercial Co., (from hereinafter "defendant", or "Clorox"), for discrimination by reason of disability, requests for a reasonable accommodation, retaliation, and the violation of their civil rights and torts.

2. The plaintiffs bring this action to remedy the depravation of rights secured to them, under the constitutions and laws of Puerto Rico and of the United States of America.

3. Molina alleges, in synthesis, that she was harassed and discriminated, due to her disability, her requests for a reasonable accommodation, and also, in retaliation for having filed a charge of discrimination before the Antidiscrimination Unit of the Department of Labor

~1~

and Human Resources ("ADU"), and the Equal Employment Opportunity Commission ("EEOC"), and also due to her requests for reasonable accommodation. These practices are prohibited by the constitutions and laws of the Commonwealth of Puerto Rico, as well as of the United States of America.

4. The plaintiffs allege that they have suffered damages as a result of defendant's actions.

5. The plaintiffs request this Honorable Court, among other things, for compensation for economic damages, as well as for compensation for their mental anguishes and sufferings.

## II. JURISDICTION

1. The jurisdiction of this Honorable Court is invoked pursuant to the Civil Rights Act of 1964 and of 1991, as amended, from hereinafter "Title VII"; the American with Disabilities Act of 1990, 42 U.S.C., sec. 12117, from hereinafter referred to as "ADA", which incorporates by reference sec. 706 (f) (1) of Title VII of the Civil Rights Act of 1964 and of 1991, as amended, 42 U.S.C., sec. 2000e-5 and 28 U.S.C., sec. 1331. The plaintiffs also invoke this Honorable Court supplemental jurisdiction, pursuant to 28 U.S.C. sec. 1367 and seek relief under Law Number 115 of December 20th, 1991, 29 LPRA sec. 194 et seq., Law No. 44 of June 2, 1985, as amended; and article 1802 of the Civil Code of the Commonwealth of Puerto Rico.

2. All conditions precedent to jurisdiction under ADA have been complied with.

3. The plaintiffs are citizens of the Commonwealth of Puerto Rico.

4. This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

5. This is the proper venue to bring this action, since the facts relating to the cause of action arose in this District.

## III. PARTIES

6. Plaintiffs are of legal age and residents of the Commonwealth of Puerto Rico.

7. Defendant was authorized to do, and is currently doing business in the Commonwealth of Puerto Rico, and has continuously employed in excess of 20 persons at all relevant times. At all times, the defendant has been an "employer", as that term is defined by all the laws invoked in the Complaint.

## V. STATEMENT OF CLAIM

8. Molina started working for the defendant in the month of August of the year 2006, in a full time position as a Credit Analyst.

9. During all the years that Molina has been working for the defendant, her performance has been of excellence.

10. Molina, notwithstanding the aforementioned, was diagnosed as suffering from a physical condition known as Lymphedema, as well as of scoliosis, herniated disks, and a major severe depression. These conditions substantially limited several of plaintiff's daily life activities, notwithstanding treatment and medication, among these the following: sleep (she suffers from insomnia), eat, walk, drive, lift and/or move objects, engage in reproductive activities, take care of herself and others, thought process, long and short term memory. However, she could still perform the functions and duties of her position.

11. Molina is a qualified individual with a disability, as that term is defined by the applicable statutes.

12. Molina, on several occasions, have requested a reasonable accommodation, specifically a change of position and/or a change of her functions and duties. Molina also requested additional support in order to perform her functions and duties. Molina also requested time off in order to receive treatment for her physical, mental and emotional condition. Nevertheless, the defendant has never provided to Molina any reasonable accommodation whatsoever.

13. Nevertheless and notwithstanding the aforementioned, the defendant started a harassment and discrimination campaign against Molina, due to her disability, her requests for a reasonable accommodation, and in retaliation for her opposition and participation against defendant's unlawful employment practices. Among defendant's actions and omissions against Molina were the following:

14. Defendant's officers, among these: Molina's supervisor, Mrs. Mellissa Zambrana ("Zambrana"), Mr. Eduardo Méndez ("Méndez") Finance Department Director, and Mrs. Wilma Carmona ("Carmona"), Human Resources Director, constantly made discriminatory and derogatory comments because of Molina's disability, her requests for a reasonable accommodation, and then, due to her opposition against defendant's unlawful employment practices, specifically the discrimination charge filed by the plaintiff.

15. Zambrana, Méndez and Carmona constantly made discriminatory comments regarding that plaintiff's performance was below average, notwithstanding the fact that plaintiff's performance, at all times, has been of excellence.

16. Defendant's officers previously mentioned also increased plaintiff's workload drastically, and imposed upon the plaintiff several functions and duties, which have never been performed by her. The defendant also reduced the support staff of Molina, as well as her resources, thus, increasing even more her workload, and making it even more difficult for her to perform her functions and duties.

17. Defendant's officers' evaluations were unfair and did not demonstrate plaintiff's excellent performance.

18. Defendant's officers, Zambrana, Méndez and Carmona, constantly threatened the plaintiff with severe disciplinary measures, including even her termination from employment for totally false and unjustified reasons.

19. Molina, on several occasions requested other positions to Zambrana, Méndez and Carmona, for which she was more than qualified, however, the defendant instead of assigning the plaintiff to these positions, appointed to the same other employees, with less experience, seniority and qualifications than Molina. Defendant's officers also constantly told the plaintiff that she was not assigned to the positions requested by her due to her disability and requests for reasonable accommodation.

20. Due to defendant's discriminatory and harassing actions against the plaintiff, Molina, complained to the defendant's officers, regarding the fact that she was being harassed and discriminated against due to her disability and requests for reasonable accommodation. Nevertheless and notwithstanding Molina's allegations, the defendant did nothing, and thus, the harassment and discrimination against the plaintiff increased and have continued, even as of today.

21. Due to defendant's harassing actions and omissions against Molina, which drastically and negatively affected plaintiff's mental and emotional condition, and which created a hostile working environment, she had to visit a psychiatrist, who diagnosed Molina as suffering from a mental and emotional condition, specifically, a severe major depression.

22. The defendant, Zambrana, Méndez and Carmona, notwithstanding plaintiff's reasonable accommodation requests, never provided to her any accommodation whatsoever, but on the contrary increased its harassment and discriminatory actions previously described, against the plaintiff, even as of today.

23. Molina, on June 8, 2011, filed a charge of discrimination before the Antidiscrimination Unit of the Department of Labor and the Equal Employment Opportunity Commission, (from hereinafter "ADU" and "EEOC"), alleging, in synthesis, that she was being harassed and discriminated by the defendant, due to her disability, her requests for reasonable accommodation and also due to her opposition against defendant's unlawful employment practices.

24. Molina notified immediately the defendant about the filing of her discrimination charge, by providing a copy of the charge to defendant's officers previously mentioned.

25. Due to Molina's severe major depression, and following the recommendations of her psychiatrist, Molina had to request a sick leave and was out of her work until September 7, 2011.

26. Immediately after Molina reported back to work, Zambrana, Méndez and Carmona started making discriminatory and retaliatory comments because of plaintiff's

disability, requests for reasonable accommodation and also regarding plaintiff's discrimination charge.

27. Zambrana, Méndez and Carmona also constantly threatened the plaintiff with her termination, due to the discrimination charge filed, as well as due to her disability and requests for reasonable accommodation.

28. Zambrana, Carmona and Méndez also immediately after the plaintiff reported back to work demoted the plaintiff and reassigned her to a position of Accounts Payable, drastically increasing plaintiff's functions and duties and assigning her different functions and duties.

29. Molina told Zambrana and Carmona that the position of Accounts Payable was totally different from the position she had occupied during her working tenure with the Company and that it will be very difficult for her due to her mental and emotional condition to perform the functions and duties of the new position and requested to them to be reassigned to any other available position or even to her previous position, however, Zambrana and Carmona informed Molina that she was not going to be reassigned to the Credit Analyst position and that she either perform the functions and duties of the new position or was going to be discharged.

30. Once Molina started in her new position, Zambrana, Carmona and Méndez drastically increased plaintiff's daily workload, which resulted in that she had to work over 12 hours daily. Carmona, Zambrana and Méndez also imposed upon the plaintiff unreasonable quotas, which were impossible to reach.

31. Zambrana, Carmona and Méndez also constantly told the plaintiff that she

must apply to Social Security benefits, due to her physical and mental conditions.

32. There can be no doubt about the fact that defendant's harassment and discrimination and retaliatory actions and omissions against Molina, have been due to her disability, her request for a reasonable accommodation, and also due to the filing of the discrimination charge before the ADU and the EEOC.

33. As a result of the events described herein, Molina and her husband have suffered considerable damages, including loss of compensation for plaintiff's work, significant emotional and physical sufferings, loss of self-esteem as well as an affront to their dignity as human beings.

34. At the time plaintiff was harassed and discriminated by defendant, the defendant was fully aware of the provisions of the Civil Rights Act, ADA, and Law Num. 115, supra. Defendant acted willfully and with reckless disregard of the law in harassing and discriminating against the plaintiff, solely because of Molina's disability, requests for a reasonable accommodation, and because of the filing of discrimination charges before the EEOC and the ADU. The harassment and discrimination against Molina's constitute a willful violation of Title VII, ADA, and Law Num. 115, supra, and as such, entitles the plaintiff to recover double and compensatory damages.

**FIRST CAUSE OF ACTION**

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute illegal discrimination for reason of plaintiff's disability, requests for a reasonable accommodation, and for having filed discrimination charges before the ADU and the EEOC, in violation of the laws and the

constitutions of the Commonwealth of Puerto Rico and the United States of America.

## SECOND CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute illegal harassment, discrimination and retaliation for having filed a discrimination charge before the ADU and the EEOC, and also due to plaintiff's internal harassment, discrimination, and retaliation complaints in violation of Law Num. 115, supra, 29 LPRA sec. 194 et seq., ADA, and Law Num. 44, supra.

## THIRD CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute harassment and discrimination because of plaintiff's disability and requests for a reasonable accommodation, in violation to ADA, and law Num. 44, supra.

## FOURTH CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute retaliation for plaintiff's requests for reasonable accommodation in violation of ADA and law Num. 44, supra.

## FIFTH CAUSE OF ACTION

1. Plaintiffs allege and reallege all previous paragraphs as if fully alleged herein.

2. The events described herein constitute a tort in violation of article 1802 of the Civil Code of the Commonwealth of Puerto Rico.

**RELIEF**

**WHEREFORE,** the plaintiffs pray this Honorable Court:

1. Enter a declaratory Judgment against defendant and find it in violation of the constitutions and laws of the United States of America and of the Commonwealth of Puerto Rico.

2. Order the defendant to make the plaintiffs whole, by ordering damages for loss of income, back pay, front pay and loss of benefits in an amount not less than $400,000.00.

3. Award the plaintiffs damages in the amount of $400,000.00, for mental anguish, mental and emotional sufferings and distress.

4. Award the plaintiffs compensatory damages caused as a result of the illegal acts in the amount of $400,000.00.

5. Award to the plaintiffs punitive damages and double damages.

6. Award the plaintiffs the cost of this action, together with reasonable attorney's fees.

7. Award the plaintiff pre judgment interest.

8. Grant the plaintiff such other relief as this Honorable Court deems appropriate and proper.

**A JURY TRIAL IS HEREBY REQUESTED**

In San Juan, Puerto Rico this 21st day of February of 2012.

**RESPECTFULLY SUBMITTED**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to defendant's attorney.

**s:/ *ANIBAL ESCANELLAS RIVERA*** 
**U.S.D.C. #208908**

**ESCANELLAS & JUAN, PSC**
204 Domenech Ave.
San Juan, PR 00918
Tel. (787) 758-3000 / Fax (787) 250-1111
email: escanellas@prtc.net